McNULTY, Chief Judge.
The State Department of Commerce appeals an order discharging an injunction previously issued against defendants-appel-lees, Altwill, Inc. and Alex Gubody. We reverse.
Appellant brought suit in 1967 pursuant to Ch. 443, F.S.1967, for unemployment compensation taxes due, but uncollected, from appellees as employers. In the final decree entered at that time the trial judge granted an injunction prohibiting appellees from employing any person directly or indirectly, individually or through any business organization, until further order of the court. The trial judge also granted a judgment for $4,075.55, representing unpaid unemployment taxes due through the first quarter of 1967, plus filing fees and court costs.
In the instant proceeding, begun in 1973, appellees filed a motion for “discharge, satisfaction or declaratory judgment,” seeking a ruling that they were relieved of the $4,075.55 debt because of a discharge in bankruptcy obtained after the decree and judgment aforesaid. The trial judge in this proceeding determined, properly, we think (and appellants don’t take issue therewith), that the debt to the state was not discharged by the bankruptcy, but she nevertheless conditionally discharged the 1967 injunction. This conditional discharge required that appellee Gubody pay the full sum awarded in the 1967 final *66 judgment provided, however, that payment need only be made in periodic installments following an initial $1,000 downpayment. Should Gubody fail to comply with the terms thereof the order provided for reinstatement of the injunction. Appellant first here contends that this conditional discharge of the injunction was improper and we agree.
Chapter 443, supra, the Unemployment Compensation Law, contains enforcement provisions for ensuring that employers pay the sums required. In particular, § 443.-15(4)(b), F.S.1973, reads as follows:
“Any employer failing to make return or to pay the contributions levied under this chapter, and who has not ceased to be an employer as provided in § 443.09 hereof, may be enjoined from employing individuals in employment as defined in this chapter upon the complaint of the division in the circuit court of the county in which said employer may be doing business; and such employer so failing to make return or to pay contributions levied hereunder shall he enjoined from employing individuals in employment until such return shall have been made and the contributions shown to he due thereunder paid to the division.” (Italics ours.)
The language is clear and we perceive no grant of discretion. Once an injunction is issued it “shall” remain in force “until” such time as the employer pays all arrear-ages. Appellees had made no payment, much less full payment, when the injunction was removed. Moreover, while they have since complied with the terms of the current order permitting installment payments, they have not yet paid the full amount. We think the injunction must remain in effect until they do so.
In appellant’s next point, it attacks the order appealed from in that the order expressly ordered the face amount of the original judgment be paid without including, in addition thereto, interest on the judgment at the lawful rate. Since we have this day in effect reinstated the original injunction and judgment, and disapproved of the “conditional discharge,” it must be assumed that satisfaction ultimately will not issue until payment is made in full together with lawfully prescribed interest and costs.
The final point urged by appellant is that unemployment taxes due during the second and third quarters of 1967, which were not included in the 1967 judgment because of the time delay in computing them, must be paid before the injunction is lifted. While we can agree with that, and note that these sums may well be due and owing, they were not included in the final judgment nor, indeed, adjudicated. Should appellant desire to recover them, therefore, it should properly have the issues framed thereon at the trial court level and seek adjudication thereof.
Before concluding, we interpose here that we are not impressed with appel-lees’ argument that, having accepted the downpayment and some of the installments required by the order of “conditional discharge,” appellant can’t be heard to complain thereof. Appellant has accepted no more than it had a right to under the original judgment; and accepting partial payment certainly cannot estop it from attacking a conditional discharge thereof.
In view whereof the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.